UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA NIELSON POINDEXTER,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., *et al*.,<br><br>Defendants. | No. 2:14-cv-0994 KJM AC<br><br><br><br>ORDER |

Several motions are currently pending before the court: a motion to dismiss filed by The Permanente Medical Group (TPMG) and a motion to amend and to remand filed by plaintiff Lydia Poindexter. Additionally, the court has issued an order directing plaintiff to show cause why the court should not dismiss the action for failure to prosecute and to comply with the local rules. The court ordered the motions submitted on the pleadings and now GRANTS plaintiff's motion to amend and to remand, DENIES the motion to dismiss as moot and DISCHARGES the order to show cause.

I. BACKGROUND

On March 17, 2014, plaintiff filed a complaint in San Joaquin County Superior Court challenging the termination of her employment with TPMG. The complaint is comprised of seven causes of action: (1) wrongful discharge in breach of the express or implied-in-fact employment contract, discharge in violation of public policy, breach of the covenant of good faith

1

1  and fair dealing, and discipline in violation of public policy; (2) breach of the implied contract of
2  continued employment; (3) breach of the implied covenant of good faith and fair dealing;
3  (4) failure to accommodate her physical disability and medical condition, CAL. GOV'T CODE
4  § 12940(a); (5) disability harassment, CAL. GOV'T CODE § 12940 (j)-(k); (6) constructive
5  discharge resulting from harassment, CAL. GOV'T CODE § 12940 (j)-(k); and (7) retaliation, CAL.
6  GOV'T CODE § 12940(h).  Compl., ECF No. 1-1 at 1-23.
7           On April 22, 2014, defendant removed the action to this court, alleging this court
8  has federal question jurisdiction over the complaint because the first three claims are based on
9  plaintiff's collective bargaining agreement.  Notice of Removal, ECF No. 1 at 3.
10          On April 28, 2014, defendant filed a motion to dismiss, arguing that plaintiff had
11 not properly alleged a breach of the collective bargaining agreement (CBA) because she did not
12 allege she exhausted the mandatory dispute resolution procedures and had not adequately pleaded
13 her remaining state-law discrimination claims.  Mot. to Dismiss, ECF No. 7.
14          Plaintiff did not timely oppose the motion.  On May 22, 2014, she filed a "motion
15 for extension of time to obtain new counsel."  ECF No. 9.  She also filed an opposition to the
16 motion, arguing that she should be allowed to amend her complaint and undertake discovery
17 regarding the exhaustion under the CBA.  ECF No. 10.
18          On May 28, the court granted plaintiff's motion for an extension of time and reset
19 the hearing on the motion to dismiss.  ECF No. 12.
20          On July 28, defendant filed a reply, arguing that plaintiff's failure to address the
21 basis of its motion authorized the court to dismiss the action.  Reply, ECF No. 14.[1]
22          On August 1, the court continued the hearing on the motion to dismiss and ordered
23 plaintiff to show cause why the action should not be dismissed for failure to prosecute, failure to
24 comply with court orders, and failure to comply with the local rules.  ECF No. 16.
25 /////
26 /////
27
28      [1] Defendant filed two copies of the reply.  *See also* ECF No. 15.

On the same day, plaintiff filed a document entitled "Request for Dismissal of Cause of Action One, Two and Three, Request for Remand to the State Court and Removal of Stay Pursuant . . . ." Mot., ECF No. 17.  Plaintiff seeks to amend her complaint and dismiss the CBA-based claims and asks the court to remand the case to superior court.  She also says the remaining state claims may be amended to allege viable claims and seeks relief under Rule 56 of the Federal Rules of Civil Procedure.  *Id.*

Defendant has responded, noting that plaintiff's request under Rule 56 is "off – point" and that plaintiff has not shown she can amend to state valid state law claims; defendant has not opposed the request to delete the CBA based claims or the request for a remand.  Opp'n, ECF No. 20.

II.  ANALYSIS

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires."  The Ninth Circuit has "stressed Rule 15's policy of favoring amendments," *Ascon Props., Inc. v. Mobil Oils Co.*, 886 F.2d 119, 1160 (9th Cir. 1989), and said that "[i]n exercising its discretion [to grant or deny leave to amend], 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *D.C.D. Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)).  Consistent with this admonition, "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . , undue prejudice to the opposing party . . . , [or] futility of amendment . . . ." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although plaintiff has responded sluggishly to defendant's motion, she has not unduly delayed her proposal to amend in light of the fact that her counsel was not admitted to this district when the case was removed.  Nor is there any suggestion of bad faith.  Despite plaintiff's confusing reference to Rule 56, which applies to summary judgment proceedings, she suggests that she has determined she cannot proceed with the first three claims.  ECF No. 17 at 1-2.

1    As defendant notes, it is not clear how or even whether plaintiff has made any attempt to amend the state law claims. Defendant argues this shows amendment is futile. ECF No. 20 at 3, 5. It asks that the case be dismissed with prejudice because, as argued in its original motion, these claims are insufficiently pleaded. *Id*.

"In some circumstances, it may be preferable for the Court to consider the futility of a proposed amendment on a claim-by-claim basis. But when the party opposing an amendment only relies on futility of amendment and the deadline for filing motions to dismiss has not passed, the Court may exercise its discretion to simply allow the entire amended complaint." *Tommey v. Computer Sciences Corp.*, Civil Action No. 11-2214 EFM GLR, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012). As defendant does not challenge the amendment eliminating the CBA claims, the court does not find amending the complaint futile, particularly as plaintiff's counsel has suggested further amendment may be contemplated. The motion to amend is granted.

III.  THE MOTION TO REMAND

Plaintiff suggests that by removing the CBA-based claims, the court no longer has jurisdiction over the action. However "[j]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006) ("[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of the removal is determined solely on the basis of the pleadings filed in state court.").

Under 28 U.S.C. § 1331, the district court has original jurisdiction over actions "arising under" federal law. Removal based on federal question jurisdiction is proper if plaintiff's "well-pleaded complaint" reveals a federal claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a claim requires interpretation of the provisions of a labor agreement, it arises under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA). *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). However, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective bargaining agreement will be

/////

4

consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

In the second and third claims of the original complaint, plaintiff alleged she relied on assurances that she "would not be terminated arbitrarily, and relied on the provisions of the Union Agreement and personnel manual regarding the causes for which employees could be discharged. . . ." ECF No. 1-1 at 11, 12. As part of its Notice of Removal, defendant alleged that plaintiff was covered by a CBA that requires "just cause" for the discharge of an employee. ECF No. 1 at 3 ¶ 5. This echoes the allegations of the complaint. Because the court would be required to interpret "just cause" within the meaning of the CBA, the claim is preempted by the LMRA and was properly removed. *Coleman v. Kaiser Permanente*, Case No. 12-cv-02668 JST, 2014 WL 2886293, at *4-5 (finding that issues in a contract claim required interpretation of CBA's "just cause" provision and so were claims under § 301); *Schaldach v. Dignity Health*, No. 2:12–cv–02492–MCE–KJN, 2013 WL 2292054, at *11 (E.D. Cal. May 23, 2013) (finding breach of implied covenant of good faith was preempted under § 301 "when the terms of the collective bargaining agreement encompass the same rights and protections that are alleged to arise from the implied covenant"). The case was properly removed and the newly amended complaint does not divest this court of jurisdiction. *Harrell v. 20th Cent. Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *Sparta Surgical Corp.*, 159 F.3d at 1213 (stating "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based").

Nevertheless, even though the court is not required to remand, it "has discretion to remand to state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Harrell*, 934 F.3d at 205 (stating "it is generally preferable for a district court to remand remaining pendent claims to state court"); *McGrothers v. Diamond Pet Food Processors of Cal., LLC*, No. 2:13–CV–01939–MCE–DAD, 2013 WL 6199201, at *3 (E.D. Cal. 2013) (applying *Carnegie-Mellon* even when plaintiff, not the court, had dismissed the claims originally giving rise to federal jurisdiction). Under *Carnegie-Mellon*, this court must consider judicial economy, convenience, fairness and comity. 484 U.S. at 353.

/////

In this case the relevant factors support remand. The amended complaint contains no federal claims and although plaintiff was somewhat dilatory, she sought remand soon after the case was removed. Moreover, this court has not held a scheduling conference or undertaken any analysis of the remaining state claims. When proceedings are in the early stages of litigation, as these are, "remanding will not cause the state court to repeat work undertaken by this Court, and no judicial economy will be lost." *McGrothers*, 2013 WL 6199201, at *3; *see also Matthews v. Archdiocese of City & Cnty. of San Francisco*, No. C-14–1665 SI, 2014 WL 2451599, at *2 (N.D. Cal. Jun. 2, 2014) (finding remand appropriate when the case "is at the earliest stages of litigation"). Moreover, "fairness and convenience favor remand as plaintiff's claims originated in state court, and state court was plaintiff's chosen venue." *Sexton v. Dupey*, No. 3:12–cv–00333–HDM–VPC, 2013 WL 3878731, at *6 (D. Nev. Jul. 25, 2013).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to amend and remand, ECF No. 17, is granted and the case is remanded to San Joaquin County Superior Court;

2. Defendant's motion to dismiss, ECF No. 7, is denied as moot; and

3. The order to show cause, ECF No. 16, is discharged.

DATED: September 17, 2014.

_____
UNITED STATES DISTRICT JUDGE